999 F.2d 539
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Iva BURROWS, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 92-5771.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 Before MILBURN and NORRIS, Circuit Judges, and WISEMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Iva Burrows, in her individual capacity and as executrix of the estate of her deceased husband, Walter "Buddy" Burrows, appeals from the judgment of the district court entered on a jury verdict in favor of the defendant, General Motors Corporation, in this diversity products liability action. On appeal, the issues are (1) whether the district court erred in excluding the testimony of four witnesses who allegedly heard the decedent talk about problems he was experiencing with his truck prior to the accident that took his life, and (2) whether the district court erred in admitting evidence of experiments conducted by the defendant's expert witness.
 
 I.
 
 2
 Plaintiff's decedent, Buddy Burrows, had over twenty years experience as a driver for United Parcel Service when, on December 6, 1988, he began driving a new truck on his nightly run from Paducah, Kentucky, to Memphis, Tennessee, and back. The 1989 truck was manufactured by defendant General Motors Corporation. On each of the first three nights the deceased drove the new truck, he made entries in the vehicle's log noting complaints of lack of sufficient noise insulation, an uncomfortable driver seat, and a malfunctioning defroster fan. On the fourth night, December 9, 1988, when the truck had accumulated 1,710 miles, an accident occurred. Police reconstruction revealed that the truck went into the median of the highway, where it travelled over 200 feet, then returned to the road for 100 feet before veering back into the median and into a ditch, turning end over end, and coming to rest in the opposite lanes. Burrows died from the injuries he received in the accident. No witnesses to the accident were located.
 
 
 3
 Mrs. Burrows filed an action in Kentucky Circuit Court, raising claims of wrongful death, negligence, and strict liability. She alleged that an assembly defect in the pitman arm joint of the steering mechanism caused the accident. The parties agree that this part was found to be damaged and that the steering gear was nonfunctional following the accident. Plaintiff's theory is that the bolt holding the pitman arm to the pitman shaft was not properly tightened and that the loose assembly eventually wore to the point that the deceased lost control over the steering. Defendant removed the action to federal district court on the basis of diversity jurisdiction. United Parcel Service joined the suit in order to recover for workers' compensation payments made to plaintiff. The case proceeded to trial in April 1991, and a mistrial was declared when the jury was unable to reach a verdict.
 
 
 4
 After the first trial, plaintiff discovered five witnesses who were prepared to testify to conversations they had with the decedent concerning problems he was experiencing with his truck prior to the accident. Defendant deposed each of the witnesses, then filed a motion in limine to exclude their testimony as inadmissible hearsay. Plaintiff filed a response, arguing that the testimony fell within certain exceptions to the hearsay rule including Federal Rule of Evidence 803(1), which excludes from the operation of the hearsay rule a "statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Plaintiff also argued that the testimony fell within the ambit of Federal Rules of Evidence 803(24) and 804(b)(5), which create exceptions for trustworthy statements not covered by any other exception.
 
 
 5
 The district court granted defendant's motion to exclude the testimony of all five witnesses, finding that none of the decedent's statements were sufficiently contemporaneous with any known observation by the decedent to meet the requirements of the present sense impression exception of Rule 803(1). It also found that the statements did not have sufficient indicia of reliability to meet the requirements of the residual hearsay exceptions of Rules 803(24) and 804(b)(5).
 
 
 6
 Plaintiff filed a motion in limine to exclude evidence of experiments conducted by defendant's expert, although this evidence was admitted in the first trial without objection. Defendant's expert, whose opinion was that the damage to the pitman arm joint was due to the impact of the accident rather than wear from improper assembly, had taken pitman arm joints and subjected them to wear or impact in order to support his testimony that the parts from deceased's truck more nearly resembled those damaged by impact than by wear. Videotapes of the experiments and the steering parts used in them were offered to supplement his testimony. The district court ruled that the evidence would be admitted subject to cautionary instructions to the jury that it could not consider the evidence as an attempt to recreate the accident, but only as the demonstration of general physical principles pertinent to the expert's testimony.
 
 
 7
 The case went to trial essentially as a contest between the parties' experts. Experts for plaintiff testified that material from the part had been worn away and was missing, while the defendant's expert testified that the material had been removed by the impact of the accident and that large pieces of the splines on the part had been moved into the depressions between the splines. Defendant's expert further testified that the part was not damaged symmetrically, as would be expected if gradual wear had been the cause of the damage, and that some of the softer coating on the part remained, an indication inconsistent with gradual wear. Plaintiff's experts countered that if the part had been damaged due to impact, other weaker links in the steering mechanism between the pitman joint and the main point of impact in the right front bumper should have been damaged, and they were not. On this evidence the jury returned a verdict for defendant, and judgment was entered accordingly. Plaintiff then moved for a new trial, raising the same two arguments presented on appeal. The district court denied the motion and this timely appeal followed.[1]
 
 II.
 
 8
 A district court's ruling on evidentiary matters is reviewed for abuse of discretion. Schrand v. Federal Pac. Elec. Co., 851 F.2d 152, 157 (6th Cir.1988). This court will find an abuse of discretion only where it is firmly convinced that a mistake has been made. In order to justify reversal, the error must affect a party's substantial rights. Id.; Zamlen v. City of Cleveland, 906 F.2d 209, 215-16 (6th Cir.1990), cert. denied, 111 S.Ct. 1388 (1991). Error is not harmless unless the court can say with fair assurance that the error did not affect the outcome of the case. This determination is guided by such factors as the closeness of the case and whether the evidence bears heavily on the dispositive issue. Schrand, 851 F.2d at 157.
 
 A.
 
 9
 Plaintiff first argues that the district court erred in excluding the testimony of four[2] witnesses who allegedly heard the deceased complain about his truck's steering problems shortly before the accident. Plaintiff argues that her deceased's statements, although admittedly hearsay, were admissible as present sense impressions, which are excepted from the operation of the hearsay rule by Rule 803(1). The rule provides:
 
 
 10
 The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
 
 
 11
 (1) Present sense impression. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.
 
 
 12
 The district court held that none of the deceased's statements to the various witnesses could be admitted under Rule 803(1) because none of the statements were sufficiently contemporaneous with the deceased's experience of the difficult steering conditions he related.
 
 
 13
 None of the communications offered relate to events sufficiently contemporaneous with Burrows [sic] observations to qualify under Rule 803(1). The basis for the exception is founded on the idea that the element of temporal proximity insures trustworthiness. Mr. Burrows' statements were general in nature and the witnesses cannot attest to the relationship between any particular events and the time it was stated. As contemplated by the rule, the proximity of the statement in terms of hours is not sufficient. The declarant must be relating a present sense of impression. The court finds this necessary element lacking. Further, the statements by Burrows were not spontaneous, but rather were words in response to questions about his truck. This fact further undermines the application of the exception contained in Rule 803(1).
 
 
 14
 J.A. 401-02.
 
 
 15
 The district court did not make separate rulings as to each of the four witnesses whose testimony it excluded, nor did it describe the testimonies individually. Our individual analysis of the proffered testimony leads us to conclude that the district court erred with respect to at least one of the witnesses; viz., Velma Hines, whose testimony was rejected by the district court because she was not "face to face" with the deceased when she allegedly heard him complain about his truck's steering over a citizens band radio.
 
 
 16
 The proffered testimonies of Terry Hayes and Bill Hicks are similar and may be treated together. Each witness was a truck driver acquainted with the deceased. Each had a conversation with the deceased on the night of the fatal accident. Terry Hayes talked to the deceased at the UPS facility in Memphis where the deceased spent his "lunch" break before making the return trip to Paducah, Kentucky. Bill Hicks met the deceased for coffee in Covington, Tennessee, during the deceased's return trip to Paducah. Both witnesses asked the deceased about his new truck. To Terry Hayes, the deceased stated that the truck "didn't drive just right" and "didn't steer right." J.A. 212. To Bill Hicks, the deceased stated more generally that the truck just did not "drive right." J.A. 40.
 
 
 17
 Rule 803(1) requires that declarant's statement be made while he "was perceiving the ... condition, or immediately thereafter." The substantial contemporaneity of the event and the statement reduces the possibility of a defective recollection or conscious fabrication. See United States v. Andrews, 765 F.2d 1491, 1501-02 (11th Cir.1985), cert. denied, 474 U.S. 1064 (1986); In Re Japanese Elec. Prods. Antitrust Litigation, 723 F.2d 238, 303 (3d Cir.1983). Although "[t]here is no per se rule indicating what time interval is too long under Rule 803(1) ...," United States v. Blakey, 607 F.2d 779, 785 (7th Cir.1979), the Advisory Committee Notes to the rule state that "a slight lapse is allowable." Thus, in Hilyear v. Howat Concrete Co., 578 F.2d 422 (D.C.Cir.1978), the D.C.Circuit held that a statement made between fifteen and forty-five minutes after an accident could not qualify for admission under the present sense impression exception. In United States v. Cain, 587 F.2d 678 (5th Cir.), cert. denied, 440 U.S. 975 (1979), the Fifth Circuit held that it was error to admit a declaration about two men leaving a truck where that declaration was made at a time when the men in question were five miles away from the truck in distance and in driving time. The court held that the declaration could not have been made "immediately" following the declarant's observation of the activity. In Blakey, however, the Seventh Circuit, distinguishing Cain on its facts and Hilyer because that case was resolved under Rule 803(2), held admissible a declarant's statements made "between several minutes and 23 minutes" after the activity they purported to describe. Blakey, 607 F.2d at 786. The court reasoned that the statements were made soon after the activity they described, and it noted that "substantial circumstantial evidence" corroborated the accuracy of the statements.
 
 
 18
 In this case, the length of time between the deceased's operation of the truck and his statements to the witnesses cannot be determined although, according to the proffered testimony of Terry Hayes, declarant could take forty minutes for "lunch" in Memphis and another twenty minutes for a break at some other location. J.A. 209. In any event, it can be said that plaintiff has failed to establish that the deceased's statements to Hayes and Hicks were made "immediately" after declarant perceived the condition he related, as the rule requires, and the district court may be affirmed as to the exclusion of their testimonies on that basis.
 
 
 19
 As to the proffered testimonies of Joyce Sanders and Velma Hines, however, the matter is much closer. Joyce Sanders was a waitress at a restaurant in Covington, Tennessee, where, on the night of his death, the deceased stopped on his way to Memphis. At that time he told Sanders he was tired. He promised to stop on his return trip to taste the raccoon she was in the process of barbecuing if he were not too tired, and he explained his weariness as the result of his "wrestling" with his truck. J.A. 154-56. The distinction between the deceased's statements to Joyce Sanders and his statements to Terry Hayes and Bill Hicks is that his statements to Sanders appears to have been a spontaneous explanation of why he might not be able to taste the dish she was preparing. It is impossible to determine from the record how long the deceased was in the restaurant before he made the statement about wrestling with his truck, and the district court may be affirmed because the burden of showing that evidence meets the exception to an exclusionary rule is on the proponent of that evidence. Whether the apparent spontaneity of the statement should tip the scales in the other direction was a matter of the district court's discretion.[3]
 
 
 20
 The statement made by deceased and overheard by Velma Hines, however, is in an entirely different category. Velma Hines was a truck driver who often spoke to the deceased on her citizens band radio as he drove through Dyersburg, Tennessee. One night after the deceased received his new truck and shortly before his death, Velma Hines overheard him talking by citizens band radio to another driver, complaining that his truck had steering problems. J.A. 119, 121-22. This statement by the declarant differs from the others in this case in that it was apparently made while the declarant was driving his truck and, thus, while he was actually experiencing the steering problems he mentioned. As defendant tacitly admits in its brief, the factors that affect a vehicle's steering; i.e., balance, tread inflation of the tires, and wheel alignment, Brief of Appellee at 16 n. 3, would have a continuous effect such that the deceased's mention of steering problems on the radio was almost certainly contemporaneous with his perception of those problems. This is the kind of substantial contemporaneity that satisfies the exception described by Rule 803(1). Moreover, whether or not the circumstances surrounding the declaration by the deceased indicates sufficient reliability to recognize the declaration as an exception to the hearsay rule is an entirely different question than whether or not a jury would believe Velma Hines' testimony.
 
 
 21
 The reason underlying the exception for statements about present sense impressions is that the substantial contemporaneity requirement provides some guarantee against misrepresentation and defective memory. Plaintiff's decedent had no motive to lie because his accident had not yet occurred, and under none of the circumstances described by the witnesses would it have been likely that the deceased erroneously remembered steering problems that did not in fact exist. Thus, the fundamental reasons underlying this exception to the hearsay rule, as well as the specific language of the rule, support the admission of the deceased's radio transmission concerning his steering problems. Moreover, while corroboration is not a requirement of the rule, see First State Bank of Denton v. Maryland Cas. Co., 918 F.2d 38, 42 (5th Cir.1990), the depositions of the other proffered witnesses certainly confirm that the deceased believed he had experienced steering problems with his new truck.
 
 
 22
 Although it is certainly true that a district court must be given considerable latitude in its evidentiary rulings, particularly under the abuse of discretion standard, the district court in this case is entitled to less deference because it did not individually analyze the proffered testimonies of the four witnesses in question. The exclusion of the testimony of Bill Hicks, Terry Hayes, and Joyce Sanders shall be affirmed because, on a rather narrow view, the contemporaneity requirement of the rule was not strictly met. That reasoning does not pertain, however, to the proffered testimony of Velma Hines, which should have been admitted. This evidence would have been crucial in a case that, without it, was reduced to the dry conflict of opinion between experts. Accordingly, this case should be reversed and remanded for a new trial.
 
 
 23
 Plaintiff also argues that the proffered testimonies should have been admitted into evidence under the provisions of Rules 803(24) and 804(b)(5). These are the so-called residual exceptions to the hearsay rule, each of which allows the admission of
 
 
 24
 [a] statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will be best be served by admission of the statement into evidence.
 
 
 25
 A district court has a very "broad discretion" in assessing the trustworthiness of a proffered statement, and "the legislative history of this exception indicates that it should be applied sparingly." S.E.C. v. First City Financial Corp., Ltd., 890 F.2d 1215, 1225 (D.C.Cir.1989). Moreover,
 
 
 26
 [s]ince the residual hearsay exception depends so heavily upon a judgment of reliability, typically [an appellate court] would be particularly deferential to the trial court's determinations under Rule 803(24).
 
 
 27
 Id.
 
 
 28
 Because the district court found that there were insufficient guarantees of trustworthiness, we hold that it did not abuse its discretion in excluding the testimony of Terry Hayes, Bill Hicks, and Joyce Sanders under Rules 803(1), 803(24), and 804(B)(5). Further, since we have concluded that the testimony of Velma Hines was admissible under 803(1), we do not need to consider the admissibility of her testimony under Rules 803(24) and 804(B)(5).
 
 C.
 
 29
 Plaintiff argues that the district court erred in allowing defendant's expert witness to use videotaped demonstrations and the components used in those demonstrations to illustrate his testimony concerning the difference between wear damage and impact damage to the steering components of the truck. After the accident, the deceased's vehicle was found to have damaged steering components, the most important of which were the pitman arm, the pitman shaft, and a clamp bolt. Plaintiff's expert testified that much of the damage to these components was due to wear, probably caused by an improperly loose assembly. Defendant's expert countered with an opinion that the observable damage was due to impact, not wear. To illustrate his testimony, he offered a videotape of several laboratory demonstrations in which he had separately caused impact damage and wear damage to various steering components identical to those in the deceased's vehicle. Plaintiff objected to the admissibility of this evidence on grounds that it was irrelevant under Fed.R.Evid. 401 and that it was more unfairly prejudicial than probative under Fed.R.Evid. 403. In particular, plaintiff argues that the challenged evidence was irrelevant because the demonstrations shown on the videotape were not performed in circumstances similar to those of the accident.
 
 
 30
 Like other evidentiary determinations, the decision to admit evidence under Rule 401 is a matter for the discretion of the district court. The majority of the courts addressing the question have held that evidence of demonstrations may be admitted to illustrate an expert's theory about the cause of an accident, even when there are dissimilarities between the conditions prevailing during the experiment and those that prevailed during the accident. Szeliga v. General Motors Corp., 728 F.2d 566, 567 (1st Cir.1984). Thus, where a party offers an experiment for the purpose of illustrating its expert's relevant testimony, and not for the purpose of attempting specifically to re-create the accident, the evidence may be admitted subject to the clear limiting instructions of the court. Harvey by and through Harvey v. General Motors Corp., 873 F.2d 1343, 1356 (10th Cir.1989) ("[T]here is no question that the results of the experiment were not introduced to recreate the accident."); Nachtsheim v. Beech Aircraft Corp., 847 F.2d 1261, 1278 (7th Cir.1988) (demonstrations of experiments used merely to illustrate principles informing an expert's opinion do not require strict adherence to the facts); Champeau v. Freuhauf Corp., 814 F.2d 1271, 1278 (8th Cir.1987) (experiment designed to demonstrate general principles of physics need not be performed in circumstances similar to those surrounding the accident); Brandt v. French, 638 F.2d 209, 212 (10th Cir.1981) (same).
 
 
 31
 The experiments demonstrated by defendant's expert in this case were not designed to re-create the conditions that obtained at the time of the deceased's accident. Rather, they were designed to depict the difference between wear damage and impact damage so the jury could compare steering components artificially damaged by different means in the laboratory with those taken from the deceased's truck. The district court reinforced this important distinction by special instructions to the jury on four different occasions, J.A. 314, 317, 319, 331, on each of which it stressed the idea that the "demonstration may be considered by you only as an illustration by the witness of the physical principles about which he has testified" and not "an attempt to show what happened in this accident." J.A. 314. The district court thus made certain that the jury could not have misunderstood the limited purpose and relevance of this evidence.
 
 
 32
 Although this court has not previously ruled on this exact question, it has recognized that
 
 
 33
 the substantially similar standard is a flexible one which, even when construed strictly, does not require that all variables be controlled. Indeed, most "[d]issimilarities between experimental and actual conditions effect the weight of the evidence, not its admissibility."
 
 
 34
 United States v. Metzger, 778 F.2d 1195, 1204 (6th Cir.1985), cert. denied, 477 U.S. 906 (1986) (citations omitted). Because the district court made perfectly clear the import of this evidence by its limiting instructions to the jury and because the evidence was offered, not as a re-creation of the accident, but as an illustration of the differences between wear damage and impact damage as discussed by defendant's expert, the district court did not abuse its discretion in finding this evidence to be relevant under Rule 401.
 
 
 35
 As to plaintiff's contention that the probative value of this evidence was substantially outweighed by its prejudicial impact, it need only be noted that this court has accorded very considerable deference to the results of a district court's weighing of factors under Rule 403. "If judicial self-restraint is ever desirable, it is when Rule 403 analysis of a trial court is reviewed by an appellate tribunal." United States v. Zipkin, 729 F.2d 384, 390 (6th Cir.1984). As defendant points out, because this appeal is the result of a second trial in this case, the district court, having admitted the challenged evidence in the first trial, knew exactly how it fit into the overall pattern of the case and was therefore able to exercise his discretion in a particularly enlightened manner. Under these circumstances, his discretion should not be disturbed, and his decision to admit the evidence under Rules 401 and 403 shall be affirmed.
 
 III.
 
 36
 For the reasons stated, we REVERSE and REMAND to the district court for retrial at which the proffered testimony of Velma Hines should be admitted into evidence. All other evidentiary rulings of the district court are AFFIRMED.
 
 
 
 *
 Honorable Thomas A. Wiseman, Jr., United States District Judge, for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 UPS is not a party to the appeal
 
 
 [2]
 The testimony of a fifth witness, James Hayes, was also excluded by the court's ruling, but plaintiff states in her brief that she had determined not to use James Hayes as a witness, Brief of Appellant at 8, 12, 14, and has formally stated this issue to be whether the district court erred in excluding the testimony of "four witnesses." We interpret this to mean that plaintiff does not challenge the exclusion of James Hayes' testimony
 
 
 [3]
 Although spontaneity is not a requirement under Rule 803(1), the district court found that none of the proffered statements were spontaneous. This finding is correct as to Jerry Hayes and Bill Hicks, but doubtful or unproven as to Velma Hicks and Joyce Sanders. The fact that declarant was prompted to speak by a question did not prevent the admission of a statement in First State Bank of Denton v. Maryland Casualty Co., 918 F.2d 38, 40 (5th Cir.1990), although the precise issue of spontaneity seems not to have been raised